UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT REED,

                              *Plaintiff*,

         -against-

McGRATH, et al.,

                              *Defendants*.
_____

**STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO RULE 41(a)**

No. 9:19-CV-1203 (GTS)

      IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the attorneys for Plaintiff, Robert Reed, and Defendants Robert McGrath, Gerald Dupra, Darrell Healey, David Yelle, Gregory Smythe, Kent Compo, and Kelly Bedore, parties to the above-entitled action (the "Action"), that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the this Action, the Action be and the same hereby is settled on the particular circumstances of this Action, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this Action or any other parties:

      1.    Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiff discontinues this Action with prejudice and without damages, costs, interest, or attorneys' fees, except as otherwise provided in this agreement (hereinafter referred to as the "Stipulation"). Plaintiff forever discharges and releases Defendants and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims,

1

demands, or causes of action, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this Action.

    2.    The parties agree that no provision of this Stipulation shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in this Action. The settlement of this Action is limited to the circumstances in this Action alone and shall not be given effect beyond the specific provisions stipulated to. This Stipulation does not form and shall not be claimed as any precedent for, or an agreement by the parties to, any generally applicable policy or procedure in the future.

    3.    Following the execution of this Stipulation, and it being ordered by the Court:

        a.  Defendant shall pay to Plaintiff Robert Reed the sum of three hundred and fifty dollars ($350.00) in full settlement of any and all claims. The above amount shall constitute all sums to which Plaintiff is entitled, including but not limited to damages, costs, and attorney's fees.

        b.  The foregoing payment shall be made by check for $350.00, which will be mailed to 2408 Cleveland Avenue, Niagara Falls, NY 14305.

    4.    Payment of the amount specified in Paragraph 3 of this Stipulation is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law. Plaintiff agrees to timely execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment in accordance with applicable State laws. Such documentation will be mailed to counsel for the Plaintiff by agents of the Defendant who are responsible for the administrative processing of the settlement paperwork.

5. This Stipulation shall be null and void, and this action shall be restored to the active docket without prejudice, if (1) the approvals referred to in Paragraph 4 above are not obtained **or** (2) Plaintiff fails to timely execute and deliver all necessary paperwork as described in Paragraph 4 above. Such paperwork will be provided to counsel for the Plaintiff as set forth in Paragraph 4 of this Stipulation.

6. Payment of the amount referenced in Paragraph 3 of this Stipulation will be made no later than one hundred and twenty (120) days after the approval of this Stipulation by the Court, receipt by Defendant's counsel of a copy of the so-ordered Stipulation, and receipt by Defendant's counsel of all necessary documents referenced in Paragraph 4 of this Stipulation. However, if the provisions of Chapter 62 of the Laws of 2001 apply to the Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

7. In the event that the terms of Paragraph 4 of this Stipulation are satisfied, but payment is not made within the periods set forth in Paragraph 6 above, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after the satisfaction of the pre-requisites, or the 151st day after the satisfaction of the pre-requisites if the provisions of Chapter 62 of the Laws of 2001 apply to Plaintiff.

8. Plaintiff represents and warrants that he is not a Medicare recipient, that he has never been on Medicare or Social Security Disability, that no conditional payments have been made by Medicare, and that he does not expect to be a Medicare recipient within the next 30 months.

9.   Plaintiff agrees that Defendants, DOCCS and the State of New York shall not be responsible for any liens or setoffs of any kind which may attach to the proceeds from this settlement and further agree that he will defend, indemnify, and hold harmless Defendant, DOCCS, its officers, agents and employees and the State of New York in connection with the satisfaction of any such liens or setoffs.

10.   This Stipulation may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

11.   The foregoing constitutes the entire agreement of the parties.

Dated:   October 11, 2022
         Albany, New York

By:   *John J. Phelan, IV*
John J. Phelan, IV
Attorney for Plaintiff
Phelan, Phelan & Danek, LLP
300 Great Oaks Blvd., Suite 315
Albany, NY 12203
518-640-6900
Email: j.phelan@ppdlawfirm.com

Dated:   October 11, 2022
         Albany, New York

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*
The Capitol
Albany, New York 12224-0341

By: *s/Lauren R. Eversley*
Lauren R. Eversley
Assistant Attorney General, of Counsel
Bar Roll No. 700641
Telephone: 518-776-2619
Email: Lauren.Eversley@ag.ny.gov

By: *s/Amanda Kuryluk*
Amanda Kuryluk
Assistant Attorney General, of Counsel
Bar Roll No. 516864
Telephone: (518) 776-2621
Email: amanda.kuryluk@ag.ny.gov

Dated:   Syracuse  , New York
       October 11, 2022

SO ORDERED:

_____
Glenn T. Suddaby
U.S. District Judge

5